**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHANIQUE ROSEANNE NICOLE PEREZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 25-cv-03897 |
| | : | |
| v. | : | Re Document No.: ECF No. 10 |
| | : | |
| V WAX STUDIO, LLC, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM OPINION

## GRANTING DEFENDANT TATIANA MCKINSTRY'S MOTION TO DISMISS

## I. INTRODUCTION

Appearing *pro se*, Plaintiff Shanique Roseanne Nicole Perez brings this action against Defendants, V Wax Studio, LLC, her former place of employment, and Tatiana McKinstry, her former employer.[1] Ms. Perez alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3) and the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.[2] Ms. McKinstry moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims under the FLSA and DCWPCL for failure to state a claim. She separately contends that the FLSA claim is untimely because Ms. Perez has not adequately alleged a willful violation sufficient to invoke the FLSA's three-year limitations period. Finally, she moves under Rule 12(b)(1) to dismiss the DCWPCL claim, arguing that dismissal of the FLSA claim would

[1] Defendant V Wax Studio, LLC is no longer a viable legal entity. Compl. ¶ 6, ECF No. 1.

[2] Although Ms. Perez invokes the D.C Minimum Wage Act, D.C. Code § 32-1001 et seq., on paragraph three of her complaint, she does not separately assert a claim under that statute. *See Id.* ¶ 3.

leave no basis for federal jurisdiction, and that the Court should decline to exercise supplemental jurisdiction over the DCWPCL claim under 28 U.S.C. § 1367. Defendant V Wax Studio, LLC, does not join the motion. Def's Mot. Dismiss Mem. ("Mot. to Dismiss") at 1, ECF No. 10-1.

For the forthcoming reasons, the Court grants Ms. McKinstry's motion to dismiss. Ms. Perez has not plausibly alleged that she engaged in activity protected by the FLSA, so the court dismisses her FLSA retaliation claim. That conclusion is sufficient to resolve the claim, so the Court need not address Ms. McKinstry's separate argument that Ms. Perez has inadequately alleged causation. The dismissal is without prejudice, however, as the Court cannot conclude that amendment would be futile. In particular, the Court cannot conclude from the face of the complaint that Ms. Perez's claim is conclusively time-barred.

The Court also dismisses Ms. Perez's DCWPCL claim without prejudice because she has not adequately alleged the measure of damages due. Because the Court dismisses that claim under Rule 12(b)(6), it need not reach Ms. McKinstry's argument for dismissal under Rule 12(b)(1).

## II. FACTUAL BACKGROUND

Ms. Perez alleges that Ms. McKinstry hired her in 2022 to work as a business manager and receptionist at V Wax Studio. Compl. ¶ 8, ECF No. 1. Her duties included customer service, scheduling, studio operations, administrative management, and payroll processing. *Id.* Ms. Perez further alleges that she frequently performed payroll duties on Mondays, her designated days off from the studio's client schedule. *Id.* ¶ 9.

According to the complaint, in late November 2022, Ms. McKinstry contacted Ms. Perez by text message and questioned why Ms. Perez had clocked in while performing payroll duties on a Monday. *Id.* ¶ 10. Ms. Perez alleges that she responded that payroll administrative work,

answering calls, and other related tasks were "compensable work under the law" and that she "could not work without being paid." *Id.* ¶ 11. Ms. McKinstry then allegedly told Ms. Perez that she should not clock in for payroll work. *Id.* ¶ 12. Ms. Perez alleges that she "again asserted her right to lawful wages[] and refused to perform unpaid labor." *Id.*

"Following [her] assertion of rights," Ms. Perez alleges that Ms. McKinstry became hostile toward her, isolated her from coworkers, and "shortly thereafter" terminated her employment. *Id.* ¶ 14. Ms. Perez alleges that "[t]he timing and circumstances" indicate that she was terminated because she "asserted her legal right to be paid for all hours worked." *Id.* ¶ 15. She further characterizes Ms. McKinstry's conduct as "knowing, intentional, and willful," *id.* ¶ 16, and asserts that Ms. McKinstry "failed to pay [her] for work performed," *id.* ¶ 23.

According to Ms. Perez, her termination caused "financial loss, loss of community and professional support, emotional distress, and disruption to family stability." *Id.* ¶ 17.

## III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court "must accept well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Modeste v. Tesla, Inc.*, No. 26-CV-2177 (CRC), 2026 WL 2415733, at *1 (D.D.C. Aug. 18, 2026) (citing *Brown v. Whole Foods Mkt.*

*Grp., Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015)). But it need not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Because Ms. Perez proceeds *pro se*, the Court construes her complaint liberally. *See Bank of New York Mellon Tr. Co. v. Henderson*, 862 F.3d 29, 33 (D.C. Cir. 2017) ("A pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). Yet she must still "plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Id.* In evaluating Ms. McKinstry's motion to dismiss, the court reads Ms. Perez's factual allegations collectively, whether they appear in the complaint or in other filings in the case. *Hill v. Smoot*, 308 F. Supp. 3d 14, 19 (D.D.C. 2018).

## IV. ANALYSIS

### A. Adequacy of the Complaint

#### (i) Ms. Perez's complaint does not plausibly allege FLSA Retaliation

Enacted in 1938, the FLSA is aimed at combatting "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). Among other things, it makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding" under its provisions. 29 U.S.C. § 215(a)(3).

To establish a prima facie case of retaliation under the FLSA, a plaintiff must "show that (1) [s]he made an FLSA complaint or otherwise engaged in protected conduct; (2) the defendant was aware that [the plaintiff] had engaged in protected activity; (3) the defendant took an action that was materially adverse to the complainant and sufficient to dissuade a reasonable employee

from further protected activity; and that (4) there was a causal relationship between the two." *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 55 (D.D.C. 2015) (quoting *Del Villar v. Flynn Architectural Finishes, Inc.*, 893 F. Supp. 2d 201, 213 (D.D.C. 2012)). At the pleading stage, a plaintiff "need not plead facts showing each of these elements in order to defeat a motion under Rule 12(b)(6)." *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161 (D.C. Cir. 2015). She must, however, allege sufficient facts to state a plausible retaliation claim.

1. Protected Activity

Ms. McKinstry first argues that Ms. Perez's complaint does not plausibly allege that she engaged in protected activity under the FLSA. Mot. to Dismiss at 4–5. In McKinstry's view, "[a]t best, the Complaint describes a workplace disagreement over payroll procedures, not a clear assertion of statutory rights sufficient to trigger § 215(a)(3)." *Id.* at 5. Ms. Perez responds that she engaged in protected activity when she "refus[ed] to work off the clock and assert[ed] her right to lawful wages," and that those allegations are sufficient at the pleading stage. Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 3, ECF No. 13. In reply, Ms. McKinstry maintains that the alleged exchange was not "a sufficiently clear and formal complaint invoking FLSA protections." Def.'s Reply Supp. Mot. Dismiss (¨Reply¨) at 3, ECF No. 12. The Court agrees with Ms. McKinstry that the alleged exchange did not sufficiently convey that Ms. Perez was asserting rights protected by the FLSA.

Section 215(a)(3) protects certain complaints asserting FLSA rights, including intracompany complaints made to an employer. *Savignac v. Day*, 754 F. Supp. 3d 135, 213 (D.D.C. 2024). A complaint may be oral or written. *Benton*, 121 F. Supp. 3d at 56. To constitute protected activity, however, it "must have 'some degree of formality'" sufficient to give the employer "fair notice that a grievance has been lodged," and "must be sufficiently clear

and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.* at 56–57 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011)). "An employee need not invoke the FLSA by name to file a complaint," although "[n]ot all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)." *Id.* at 57 (quoting *Hicks v. Ass'n of Am. Med. Colls.*, 503 Supp.2d 48, 52 (D.D.C. 2007)).

Here, Ms. Perez alleges that, after Ms. McKinstry questioned why Ms. Perez had clocked in while performing payroll duties on a Monday, Ms. Perez responded that payroll and related tasks "were compensable work under the law" and that she "could not work without being paid." Compl. ¶¶ 10–11. When Ms. McKinstry then allegedly instructed her not to clock in for payroll work, Ms. Perez states that she "again asserted her right to lawful wages[] and refused to perform unpaid labor." *Id.* ¶ 12. Those allegations indicate that Ms. Perez asserted what she understood to be a legal right to compensation for work performed. The question, however, is whether the content and context of that assertion would have put Ms. McKinstry on notice that Ms. Perez was invoking rights protected by the FLSA.

Construing Ms. Perez's *pro se* complaint and filings liberally and drawing all reasonable inferences in her favor, the Court concludes that they do not allege enough to support that inference. True, Ms. Perez was not required to invoke the FLSA by name. *Benton*, 121 F. Supp. 3d at 57. But her alleged statements referred only generally to work being "compensable . . . under the law" and to a "right to lawful wages." Compl. ¶¶ 11–12. As relevant to the compensation dispute alleged here, the FLSA protects an employee's right to a federal minimum wage and to overtime compensation for hours worked in excess of forty in a workweek. *See* 29

U.S.C. §§ 206, 207(a). Yet Ms. Perez does not allege that the disputed payroll work implicated either protection. For example, she does not allege that the disputed work would have caused her to work more than forty hours in a workweek or reduced her compensation below the federal minimum wage.[3] That omission matters not because Ms. Perez was required to identify the FLSA or a particular statutory provision, but because it bears on whether a reasonable employer, considering the content and context of the exchange, would have understood her to be asserting rights protected by the FLSA. *See Benton*, 121 F. Supp. 3d at 56–57. On the facts alleged, the court cannot plausibly draw that inference. Accordingly, Ms. Perez has not plausibly alleged protected activity under the FLSA.

That conclusion is enough to dismiss Ms. Perez's retaliation claim, so the Court does not address Ms. McKinstry's separate argument that Ms. Perez has inadequately alleged causation. The Court does, however, address Ms. McKinstry's argument that the claim is untimely because that issue bears on whether dismissal should be with prejudice. *See Givens v. Bowser*, 111 F.4th 117, 123 (D.C. Cir. 2024) ("When dismissing a case for failure to state a claim, a district court should not dismiss the case with prejudice unless it has determined that an amendment would be futile."); *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018) (explaining that amendment is futile in situations "such as where a claim sought to be added is barred by the

[3] As relevant here, the FLSA's minimum-wage guarantee is measured over the workweek rather than hour by hour. *See Freeman v. MedStar Health Inc.*, 185 F. Supp. 3d 30, 35–37 & n.6 (D.D.C. 2016) (explaining that the "workweek measuring rod" governs minimum-wage liability under the FLSA). Thus, an employer's direction to perform some work without pay does not necessarily establish a FLSA minimum-wage violation; the question is whether, taking into account all compensation and hours worked during the workweek, the employee's average hourly compensation falls below the federal minimum. *See id.*

statute of limitations"). The Court therefore considers whether Ms. Perez's FLSA claim is conclusively time-barred.

2. Timeliness

Any FLSA action generally must be "commenced within two years after the cause of action accrued," but an action "arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "An employer's conduct is 'willful' if 'the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Lucas v. Loeffler*, No. CV 21-0296, 2026 WL 1998749, at *7–8 (D.D.C. July 10, 2026) (quoting *Rhea Lana, Inc. v. Dep't of Labor*, 824 F.3d 1023, 1031 (D.C. Cir. 2016)). Because "statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996).

Ms. Perez filed this action on November 10, 2025, *see* Compl., and alleges that she was terminated "shortly []after" an exchange in late November 2022, *id.* ¶¶ 10, 14. Her claim therefore falls outside of the FLSA's ordinary two-year limitations period but within the three-year period for willful violations. Ms. McKinstry argues that the two-year period applies because Ms. Perez's allegation that Ms. McKinstry's conduct was "knowing, intentional, and willful," *id.* ¶ 16, is conclusory and unsupported by factual allegations, *see* Mot. to Dismiss at 6; Reply at 1–2.

The Court cannot conclude from the face of the complaint that the two-year limitations period necessarily applies. *See Cabrera v. B & H Nat'l Place, Inc.*, No. 14-CV-01885 (APM), 2015 WL 9269335, at *3 (D.D.C. Sept. 28, 2015) ("Through discovery, Plaintiff may be able to develop facts showing that Defendants either knew or showed reckless disregard as to whether

their alleged non-payment for overtime wages was prohibited by the FLSA."). Ms. Perez's claim is thus not conclusively time-barred.

Because the limitations issue does not establish that amendment would be futile, dismissal with prejudice is unwarranted. The Court therefore dismisses Ms. Perez's FLSA retaliation claim without prejudice.

**(2) Ms. Perez's complaint does not plausibly allege a violation of the DCWPCL**

The Court next considers whether Ms. Perez has plausibly alleged her remaining claim against Ms. McKinstry under the DCWPCL.

The DCWPCL requires employers to "pay all wages earned" to their employees "on regular paydays designated in advance by the employer and at least twice during each calendar month." D.C. Code § 32-1302. A claim for wage theft "must allege [that]: (1) the complainant was an employee of the employer, (2) who performed work for the employer, (3) was not compensated or timely compensated for such work, and (4) the measure of damages due to the employee." *Suzannah Van Rooy v. ANB 623, LLC*, No. 25-CV-3665 (ABJ), 2026 WL 2280921, at *10 (D.D.C. Aug. 7, 2026) (quoting *Zajac v. Finnegan, Henderson, Farabow, Garrett & Dunner LLP*, 346 A.3d 693, 701 (D.C. 2025)).

Ms. McKinstry argues that Ms. Perez has not plausibly alleged a DCWPCL violation because, although she states that Ms. McKinstry "failed to pay [her] for work performed," Compl. ¶ 23, she does not identify the number of unpaid hours, her pay rate, the amount allegedly owed, or the pay periods at issue. Mot. to Dismiss at 5; *see also* Reply at 4.

Ms. Perez adequately alleges the first three elements from *Suzannah Van Rooy*. First, she alleges that she was an hourly employee of Ms. McKinstry. Compl. ¶ 5. Second, she alleges that she performed work for Ms. McKinstry, including payroll and administrative duties. *Id.*

¶¶ 8–10. Third, she alleges that Ms. McKinstry "failed to pay [Ms. Perez] for work performed." *Id.* ¶ 23. But she does not adequately allege the fourth element—the "measure of damages due." *Suzana Van Rooy*, 2026 WL 2280921, at *10. Although she seeks unpaid wages, Compl. ¶ 25, she does not allege the number of unpaid hours, her pay rate, an approximate amount withheld, or any other facts from which the wages allegedly owed could be measured. Accordingly, because Ms. Perez has not plausibly alleged a violation of the DCWPCL, the court dismisses her claim without prejudice.

**B. Leave to Amend**

In her opposition to Ms. McKinstry's motion to dismiss, Ms. Perez expressly requests leave to amend if the Court identifies a deficiency in her complaint. Pl.'s Opp'n at 6 (citing Fed. R. Civ. P. 15(a)(2)). The Court denies her request for failure to comply with the Local Rules. D.D.C. Civ. R. 7(i) ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."); D.D.C. Civ. R. 15.1 ("A motion for leave to file an amended pleading shall attach, as an exhibit, a copy of the proposed pleading as amended."). Courts in this circuit have routinely denied motions for leave to amend that fail to comply with these rules. *See*, *e.g.*, *Brown v. Potomac Elec. Power Co.*, 306 F. Supp. 3d 194, 202 (D.D.C. 2018); *Townsend v. United States*, 282 F. Supp. 3d 118, 124 n.2 (D.D.C. 2017). Because Ms. Perez failed to include the proposed amendments in her motion to amend, the Court accordingly denies the motion.

To the extent Ms. Perez seeks to file a motion to amend consistent with the requirements of the applicable local rules, she shall file such motion within 30 (thirty) days of the date of this opinion.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Ms. McKinstry's Motion to Dismiss (ECF No. 10). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 24, 2026

RUDOLPH CONTRERAS
United States District Judge